Jordan Raphael (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
P: (213) 291-9800
F: (213) 277-5373

Andrew Gerber (*pro hac vice* application to be filed)
andrew@kgfirm.com
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
F: (917) 398-1487

*Attorneys for Plaintiff Pablo Brum*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO BRUM,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZOETOP BUSINESS CO., LTD. d/b/a SHEIN and ROMWE,<br><br>　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

---

1                                                              Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Pablo Brum ("Plaintiff" or "Mr. Brum"), by and through his undersigned attorneys, for his complaint against defendant Zoetop Business Co., Ltd. d/b/a Shein and Romwe ("Zoetop" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought by an independent artist against one of the largest and fastest growing fast fashion retailers in the world. Defendant is a Chinese company doing business as SHEIN and ROMWE in the United States and around the world. Defendant profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Defendant has been repeatedly sued for copyright infringement but continues to willfully infringe the works of independent artists, presumably because it is far more profitable to do so than to comply with the law. Already banned in India, Defendant has been repeatedly accused of operating sweatshops and engaging in unsafe and unfair business practices.

2. Plaintiff seeks relief for Defendant's sale and display of various products featuring unauthorized and infringing copies of his original designs. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendant's willful copyright infringement.

## PARTIES

3. Plaintiff Pablo Brum is an individual residing in Washington, DC. Mr. Brum has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

4. Upon information and belief, Defendant Zoetop is a Chinese limited company with its principal place of business in Hong Kong S.A.R.

5. Defendant Zoetop is one of the most prominent fast fashion e-commerce retailers in the world. Zoetop operates various e-commerce brands, including SHEIN, ROMWE, and EMMACLOTH. Zoetop advertises, distributes, and sells its products to consumers in over 200 countries, including the United States. Zoetop primarily sells products direct to consumers under the SHEIN and ROMWE brands through its websites, www.shein.com and www.romwe.com, mobile applications, and social media platforms. Zoetop also sells products wholesale under its EMMACLOTH brand through its website, www.emmacloth.com. In addition, Zoetop advertises and sells its SHEIN and ROMWE products through sample sales, college campus events, and pop-up events across the United States, including in California.

## JURISDICTION AND VENUE

6. This matter is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*.

7. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Upon information and belief, Defendant Zoetop does systematic business in California and this District. Zoetop operates e-commerce websites and mobile applications that market to consumers in California and this District, offer for sale products to

consumers in California and this District, and enable consumers in California and this District to enter into online transactions for a variety of products. Plaintiff is informed and believes and upon such information and belief alleges that this Court has personal jurisdiction over Zoetop in that Zoetop regularly does or solicits business in California and this District; derives substantial revenue from goods used or services rendered in California and this District; expects or reasonably should expect its infringing conduct to have consequences in California and this District; derives substantial revenue from interstate commerce; and committed unlawful acts outside of California that caused injury to Plaintiff within California and this District.

9. In the alternative, the Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant committed unlawful acts of infringement in this District, Defendant's unlawful conduct resulted in damage to Plaintiff in this District, and Defendant does business here and is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I. Plaintiff's Original Design

11. Mr. Brum sells enamel pins featuring the original artwork of his wife, Mariana Dambolena, under the brand name Wink Pins. Wink Pins has a devoted base of fans and consumers.

12. One of Wink Pins' most popular original designs, *Candy Unicorn* (the "Original Design"), is shown below.



13. On August 21, 2016, Ms. Dambolena obtained federal copyright registration No. VA0002060992 for the Original Design and subsequently assigned the copyright for the Original Design to Mr. Brum.

## II. Zoetop Infringed Plaintiff's Copyrights

14. Zoetop is a fast fashion retailer that advertises and sells apparel, accessories, jewelry, and other products through its various brands, including SHEIN, ROMWE, and EMMACLOTH. Zoetop sells SHEIN and ROMWE branded products directly to consumers through websites, mobile applications, and social media platforms.

15. Zoetop's SHEIN and ROMWE brands are two of the most popular and fastest growing brands in the online fast fashion market. Zoetop's SHEIN and ROMWE brands are known for their targeted advertising social media campaigns, consistently advertising products with steep discounts. Zoetop also advertises its promotional events throughout the United States, including in California and this District, on the SHEIN and ROMWE brand social media accounts, including Facebook and Instagram, located at

facebook.com/SHEINUS/, facebook.com/Romwe.official/, instagram.com/sheinofficial, instagram.com/shein_us, and instagram.com/romwe_fun.

16. Zoetop profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Numerous online blogs and videos of consumers discuss the low quality of SHEIN and ROMWE goods. Zoetop has been repeatedly sued for copyright infringement but continues to willfully infringe the works of independent artists, presumably because it is far more profitable to do so than to comply with the law, *e.g.*, by creating or licensing original works. Already banned in India, Zoetop has been repeatedly accused of operating sweatshops and engaging in unsafe and unfair business practices.

17. Without authorization from Mr. Brum or Ms. Dambolena, Zoetop created, manufactured, caused to be manufactured, imported, marketed, distributed, and/or sold at least two products featuring a design that is strikingly similar to the Original Design (the "Infringing Products").

18. Below is a side-by-side comparison of the Original Design and the Infringing Products. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Infringing Products are strikingly similar (if not identical) to the Original Design. Additional examples of the Infringing Products are attached as **Exhibit A**.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

| **Original Design** | **Infringing Products** |
|---|---|
|  | Cartoon Animal Shaped Brooch 8 pcs<br>SKU: brooch190416605<br>  |
|  | 2pcs Unicorn Shaped Brooch<br>SKU: swbrooch18200826220<br>  |

19. Zoetop's infringement of the Original Design has been willful. Zoetop never attempted to contact Mr. Brum or Ms. Dambolena to inquire about properly licensing the Original Design. Instead, Zoetop simply raided Ms. Dambolena's intellectual property to create the Infringing Products. Upon information and belief, Zoetop knows it is sourcing cheap products from overseas suppliers who regularly deal in infringing products, but continues to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

Case No.
**COMPLAINT AND DEMAND FOR JURY TRIAL**

20. Mr. Brum has been forced to file this action in order to protect his rights and livelihood.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 above and incorporates them herein by reference.

22. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyright in the Original Design.

23. Defendant had access to Plaintiff's Original Design, including, without limitation, through (a) viewing the Original Design on Plaintiff's website or social media pages; (b) viewing the Original Design on an authorized third-party retailer's website or social media; and/or (c) purchasing products featuring the Original Design from Plaintiff or an authorized third-party retailer.

24. Defendant copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Design without the consent, permission, or authority of Plaintiff.

25. Defendant's conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

26. Defendant's acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

27. Plaintiff is entitled to actual damages and Defendant's profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

28. Alternatively, Plaintiff is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504.

29. Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Infringing Products or any other products which bear substantially similar copies of Plaintiff's copyrighted Original Design.

30. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendant from copying, reproducing, distribution, adapting, and/or publicly displaying the Original Design or any elements thereof;

2. For an order requiring the destruction of all of Defendant's infringing products, including the Infringing Products, and all marketing, advertising, or promotional materials depicting Defendant's infringing products;

3. For an award of Plaintiff's actual damages in connection with Defendant's willful copyright infringement;

**COMPLAINT AND DEMAND FOR JURY TRIAL**

4. For an award of all of Defendant's disgorged worldwide profits attributable to Defendant's copyright infringement;

5. For an award of statutory damages under the Copyright Act, 17 U.S.C. § 504(c), as well as attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505;

6. For reasonable attorney's fees and costs of suit incurred herein; and

7. For interest, including prejudgment interest, on the foregoing sums; and

8. For such other and further legal and equitable relief as the Court deems just and proper.

Dated: March 14, 2022

Respectfully Submitted,

BYRON RAPHAEL LLP

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC
Andrew Gerber

*Attorneys for Plaintiff Pablo Brum*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

Dated:   March 14, 2022                                   BYRON RAPHAEL LLP

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC
Andrew Gerber

*Attorneys for Plaintiff Pablo Brum*

# **EXHIBIT A**

Shein.com listing for Cartoon Animal Shaped Brooch 8 pcs:



Romwe.com listing for Cartoon Animal Shaped Brooch 8 pcs:



2

Emmacloth.com listing for Cartoon Animal Shaped Brooch 8 pcs:

Shein.com listing for 2pcs Unicorn Shaped Brooch:

